UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE MEJIA and VICTOR REYES FLORES, individually, and on behalf of similarly situated employees,**<br><br>Plaintiffs,<br><br>vs.<br><br>**JAMIE'S CIGAR BAR & RESTAURANT, INC., and JAIME FINKLE, individually,**<br><br>Defendants. | Civil Case No:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs JOSE MEJIA and VICTOR REYES FLORES ("Plaintiffs" and/or "Mejia" and/or "Reyes Flores") on behalf of themselves and all others similarly situated, by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants JAMIE'S CIGAR BAR & RESTAURANT, INC., and JAIME FINKLE, individually, and all other affiliated entities and/or joint employers ("Jamie's Cigar Bar" or Defendant) andJaime Finkle, individually (collectively "Jamie's Cigar Bar Defendants") and allege as follows:

**INTRODUCTION**

1. Plaintiffs bring this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiffs bring this lawsuit against Defendants as a collective action on behalf of themselves and all other persons similarly situated – who suffered damages as a result of

1

Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately 2006, and continuing to date, Defendants have engaged in a policy and practice of requiring Plaintiffs and members of the putative collective to regularly work in excess of forty (40) hours per week, without being paid overtime compensation at the statutory overtime rate as required by applicable federal and New Jersey state law.

4. Plaintiffs have initiated this action on behalf of themselves and similarly situated employees to recover overtime compensation that Plaintiffs and similarly situated employees were deprived of, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiffs performed non-exempt restaurant duties for the Defendants in Clifton, Passaic County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain an

enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a restaurant and bar, which purchases goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiffs and those similarly situated employees worked in interstate commerce, i.e., handling goods and materials that have been moved or produced in interstate commerce. Thus, Plaintiffs and those similarly situated employees fall within the protections of the Act.

## PARTIES

### Plaintiff Mejia

10. Plaintiff Mejia is an adult individual who is a resident of Jersey City, New Jersey.

11. Plaintiff Mejia was employed by Defendants full time as a restaurant worker performing duties in furtherance of Defendants' business, specifically working as a kitchen helper, from in or about 206, until in or about January 2019.

### Plaintiff Reyes Flores

12. Plaintiff Reyes Flores is an adult individual who is a resident of Clifton, New Jersey.

13. Plaintiff Reyes Flores was employed by Defendants full time as a restaurant worker performing duties in furtherance of Defendants' business, specifically working as a cook, from in or about 2006, until in or about January 2019.

### Corporate Defendants

14. Jamie's Cigar Bar is a New Jersey corporation, formed in or about 2004 with its principal offices located at 915 Bloomfield Avenue, Clifton, NJ 07102.

15. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendants**

16. Upon information and belief, Individual Defendant Jaime Finkle is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jaime Finkle has been an owner, partner, officer and/or manager of the Defendant Jamie's Cigar Bar.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jaime Finkle has had power over personnel decisions at the Defendant Jamie's Cigar Bar business.

19. Defendant Jaime Finkle was regularly present at Jamie's Cigar Bar, and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

21. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

22. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

23. This action is brought on behalf of Plaintiffs and a putative collective consisting of similarly situated employees who performed work for Defendants.

24. The Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiffs and similarly situated employees' at the proper overtime rate and failing to pay all overtime compensation due for hours worked over forty (40), in any given week pursuant to 29 U.S.C. § 207.

25. The Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiffs and similarly situated employees' the statutorily required overtime at the correct rate of pay, and failing to pay for all hours worked by Plaintiffs and potential Plaintiffs, as required pursuant to 29 U.S.C. § 207.

26. The claims of the Plaintiffs are typical of the claims of the putative class. The Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees at the correct overtime rate and finally failing to pay employees for all hours worked in a work week. The Plaintiffs and putative class members thus have sustained similar injuries as a result of Defendants' actions.

27. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurant.

28. This action is properly maintainable as a collective action pursuant to § 216 (b) of the Act.

## **FACTS**

29. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiffs and similarly situated employees for all overtime hours worked in a work week.

30. Plaintiff Mejia routinely worked six (6) days per workweek for Defendants.

31. Plaintiff Mejia generally worked eleven (11) to twelve (12) hours per day.

32. Plaintiff Mejia's hourly rate of pay of $18.50. Plaintiff Mejia's overtime rate of pay was $27.75.

33. Plaintiff Mejia generally worked between sixty-six (66) and sixty-eight (68) hours per work week.

34. Plaintiff Mejia was properly compensated for some but not all of his overtime hours worked in a workweek.

35. Plaintiff Reyes Flores routinely worked six (6) days per workweek for Defendants.

36. Plaintiff Reyes Flores generally worked eleven (11) to twelve (12) hours per day.

37. Plaintiff Reyes Flores' hourly rate of pay of $17.00. Plaintiff Reyes Flores' overtime rate of pay was $25.50.

38. Plaintiff Reyes Flores generally worked between sixty-six (66) and sixty-eight (68) hours per work week.

39. Plaintiff Reyes Flores was properly compensated for some but not all of his overtime hours worked in a workweek.

40. Upon information and belief, employees similarly situated to Plaintiffs Mejia and Reyes Flores were also not compensated at the statutorily required overtime rate of pay for some but not all of their hours worked in excess of forty (40) hours per week.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

42. At all times material hereto, Plaintiff was performing his job duties for the benefit of and on behalf of Defendants.

43. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

44. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services for Defendants for which Defendants made no provision to pay Plaintiffs compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

45. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to a recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

46. Plaintiffs re-allege, and incorporates here by reference, all allegations contained above.

47. Plaintiffs are entitled to receive overtime at one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a work week.

48. All similarly situated employees of the Defendants are also entitled to their overtime rate for each and every overtime hour they worked and were not properly paid.

49. Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees at time and one half of their regular rate of pay for all their overtime hours worked.

50. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs sand those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

53. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the above Paragraphs.

54. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants

8

willfully failed to pay the Plaintiffs and other members of the putative class their statutorily required overtime compensation for all the hours they worked in excess of forty (40) hours a week for the Defendants.

55. Defendants' aforementioned conduct is in violation of the NJWHL.

56. As a direct and proximate cause of Defendants' actions, Plaintiffs and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

57. Plaintiffs and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, plus third year damages, as well as interest, attorneys' fees and costs; and

(2) on their second cause of action, in an amount to be determined at trial, plus attorneys' fees and costs.

Dated: May 23, 2019   Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn, Esq.
Email: Aglenn@jaffeglenn.com
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F,
#306 Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308